IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH FINCHER, ALICIA ALFORD-MEYERS AND DUANE MEYERS | § § § | |
| Plaintiffs, | § § | |
| V. | § § | Civil Action No. _____ |
| EXETER FINANCE, LLC, GLENN CASTLEBERRY, BENNY CHERRY, MARK MOONEY AND MARK NERIOS | § § § § § | |
| Defendants. | § § | |

COMPLAINT

Plaintiffs Kenneth Fincher ("Fincher"), Alicia Alford-Myers ("Alford") and Duane Meyers (Meyers"), for their Complaint against Exeter Finance, LLC ("Exeter"), Glenn Castleberry ("Castleberry"), Benny Cherry ("Cherry"), Mark Mooney ("Mooney") and Mark Nerios ("Nerios"), would show as follows:

Parties, Jurisdiction and Venue

1. Plaintiffs are individuals, and Alford and Meyers are husband and wife.

2. Exeter may be served through its registered agent for service of process in the State of Texas, CSC Lawyers, Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701. Castleberry, Cherry, Mooney and Nerios may be served at 2250 W. John Carpenter Freeway, Irving, Texas 77063. Exeter, Castleberry, Cherry, Mooney and Nerios were each an employer of Plaintiffs within the meaning of Section 2611(4)(A)(i) and (ii) of the Family and Medical Leave Act ("FMLA"). Exeter was a person engaged in commerce or any industry or activity

COMPLAINT – Page 1

affecting commerce which has employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year and Castleberry, Cherry, Mooney and Nerios were persons who acted, directly or indirectly in the interest of Exeter as to Plaintiffs as employees of Exeter.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 based on Plaintiffs' federal claim under FMLA, 29 U.S.C. §2601 et seq.

4. Venue is proper.

Facts

5. Exeter is a financier of automobile sales. Plaintiffs were employed by Exeter, in each case for over 12 months and in excess of 1,250 hours and not subject to an exception to the definition of eligible employees under Section 2611(2)(B), as of the dates of the termination of their employment with Exeter. As of the date of the termination of his employment, Fincher was employed under the immediate supervision of Castleberry and the further supervision of Cherry, Mooney and Nerios. Fincher was employed by Exeter between September 22, 2017 and April 18, 2019. As of the date of the termination of her employment, Alford was employed under the immediate supervision of Castleberry and the further supervision of Cherry, Mooney and Nerios. Alford was employed by Exeter between September 22, 2017 and May 2, 2019. As of the date of the termination of his employment, Meyers was employed under the immediate supervision of Castleberry and the further supervision of Cherry, Mooney and Nerios. Meyers was employed by Exeter between August 21, 2017 and May 6, 2019.

6. During their employment with Exeter, each of the Plaintiffs, after becoming entitled to leave under the FMLA, exercised their right to seek such leave. In the case of Fincher, he sought and obtained approval for leave, among other times, in April 2019, in connection with his cardiovascular condition post-heart-surgery, in the form of intermittent leave. In the case of Alford, she sought continuous leave in May 2019 for uterine fibroid surgery at the end of May 2019. In the case of Meyers, he sought and obtained approval for leave in April 2019 to care for his dying father.

7. Fincher was terminated while on FMLA leave on April 18, 2019 based on a false claim that he had sent a customer assigned to him an anonymous text message purportedly sent on behalf of Exeter; the claim lacked any even purported evidentiary basis since the text was sent from a number not that of Fincher. Alford was terminated on May 2, 2019 based upon a false claim that the physician certification supporting her FMLA leave was fraudulently forged by her; Exeter falsely claimed that the number of days necessary for the leave were changed even after Alford disputed that and offered to put Exeter in contact with the physician and medical assistant involved in the change and did not withdraw Alford's termination even after the physician confirmed within hours of her termination that the number of days necessary for the leave were changed by her as a physician. Meyers was terminated on May 6, 2019, based upon a false claim that he, by engaging in an outburst on May 1, 2019, had engaged in misconduct, only after he had disputed on May 2, 2019 the claim that the change in the certification supporting his wife's FMLA leave was fraudulently forged by her. His disputing that claim represented protected conduct under §2615(b)(2) the

FMLA and may also have represented protected conduct under §2615(b)(1) and (3) of the FMLA.

8.     Plaintiffs have suffered, and will continue to suffer, lost compensation. Plaintiffs have also suffered lost benefits in an amount yet to be determined and may also incur medical expenses they would not otherwise have incurred.

9.     Plaintiffs' termination was in each case an intentional or reckless violation of the FMLA, warranting liquidated damages.

10.    After the termination of Alford, and then after the termination of Meyers and since, Exeter and Cherry made the false defamatory statement to third parties, including but not limited to the Grand Prairie, Texas Police Department, that Alford and Meyers communicated with Cherry by text message without solicitation or invitation and, based on such communications, allegedly harassed him. Such false statement constituted slander <u>per se</u>.

### Claims

11.    For first cause of action, Fincher would show that Exeter violated the FMLA, including but not limited to Sections 2614(a)(1) and (a)(2), in that he was an eligible employee who took leave under the FMLA and was entitled to return from such leave and to be restored in the position of employment he held when the lead commenced or an equivalent position with equivalent employment benefits, pay and other terms and conditions of employment, but was not, and was further denied one or more employment benefits accrued prior to the date on which the leave commenced by virtue of his termination during his leave. Fincher is accordingly entitled to recover from all Defendants his actual damages, attorney's

fees, costs and prejudgment interest, and on account of the intentional or reckless nature of their conduct, liquidated damages.

12.     For second cause of action, Fincher, Alford and Meyers would show that Exeter violated the FMLA, including but not limited to Sections 2615(a)(1) and (a)(2), by interfering with, restraining or denying their exercise of, or attempt to exercise, their right to leave under the FMLA and by terminating them so as to interfere, restrain and deny them the exercise of their rights to leave under the FMLA, and discriminating against them for seeking to exercise their rights to leave under the FMLA. Plaintiffs are accordingly entitled to recover from all Defendants her actual damages, attorney's fees, costs and prejudgment interest, and on account of the intentional or reckless nature of their conduct, liquidated damages.

13.     For third cause of action, Meyers would show that Exeter violated the FMLA, including but not limited to §2615(b) (2), by interfering with, restraining or denying their exercise of, or attempt to exercise, their right to leave under the FMLA and by terminating them so as to interfere, restrain and deny them the exercise of their rights to leave under the FMLA, and discriminating against them for seeking to exercise their rights to leave under the FMLA. Plaintiffs are accordingly entitled to recover from all Defendants her actual damages, attorney's fees, costs and prejudgment interest, and on account of the intentional or reckless nature of their conduct, liquidated damages.

14.     For fourth cause of action, Meyers would show that Exeter engaged in illegal third-party retaliation in violation of the FMLA under the doctrine of third-party retaliation established in Thompson v. North American Stainless, LP, 562 U.S. 170, 131 S.Ct. 863, 178 L.Ed.2d 694 (2011). Meyers is accordingly entitled to recover his actual damages, attorney's

COMPLAINT – Page 5

fees, costs and prejudgment interest, and on account of the intentional or reckless nature of their conduct, liquidated damages.

15. For fifth cause of action, Alford and Meyers would show that Exeter and Cherry defamed them. They are accordingly entitled to recover from Exeter and Cherry their actual damages, compensatory damages and punitive damages.

16. Plaintiffs request a jury.

WHEREFORE, Plaintiffs pray that this Court grant judgment against Defendants as may be appropriate.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFFS